IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 01:07-cr-00182-RCL |
| ROBERT HOWELL PRICE III ) | |
| ) | . |
| Defendant. ) | |

### GOVERNMENT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE

Comes now the United States of America, by and through its undersigned attorneys, and respectfully submits this sentencing position and moves the Court for a downward departure pursuant to 18 U.S.C. § 3553 and section 5K1.1 of the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.").

**I.    Introduction**

The government initiated this case through an information filed on July 30, 2007. That information charged defendant Robert Howell Price III with one count of causing false statements to be made to the Federal Election Commission, in violation of 18 U.S.C. § 1001, 2. The Court accepted Price's guilty plea to that charge on August 3, 2007. On the same date, David Therrell Collier, Price's codefendant, pleaded guilty before this Court to the same offense, a violation of 18 U.S.C. § 1001. The Court will sentence both defendants on January 30, 2008.

**II.   Motion for a Downward Departure**

In recognition of defendant Price's substantial assistance to the authorities, the government hereby moves pursuant to U.S.S.G. § 5K1.1, for a downward departure of two levels from Price's total offense level.

A.   **Offense Level Prior to Departure**

In the plea agreement, the Government stipulated to the following calculation of Price's combined adjusted offense level and sentencing range prior to any departure as follows:

| | |
|---|---:|
| Base Offense Level | 8 |
| Specific Offense Level, Contributions $30,000 - $70,000 | 6 |
| Number of Illegal Transactions - More than 30 | 2 |
| Reduction for Acceptance of Responsibility | -3 |
| Total Offense Level | 13 |

The indicated guideline sentence for a Level 13 and criminal history category of 1 is 12 to 18 months.

B.   **Background**

As detailed in the factual basis attached to the plea agreement, Price was employed as the Chief Operating Officer of New River Management and Development Company, LLC, a joint venture between Indian Tribe A and a business operated by Price's codefendant, David Therrell Collier.  In an effort to obtain approval for expanded gaming opportunities for Indian Tribe A, Price and others decided to make political contributions to federal candidates and their political committees.  They devised a scheme for making political contributions via straw contributors, whose contributions were advanced or reimbursed by the funds of Indian Tribe A.  Because the cause of expanded Indian gaming rights was controversial in South Carolina, the scheme served to avoid having it known to the public that Indian Tribe A was supporting particular candidates for office and elected officials, as well as to avoid the limits on maximum individual contributions allowed by law to any federal candidate or his or her authorized political committees per election.

As part of the plea negotiation process, the government promised to consider moving for a downward departure pursuant to § 5K1.1 for substantial assistance. Any motion was conditioned upon the defendant Price (1) entering a guilty plea; and (2 agreeing to testify in later proceedings if needed. The offer was also predicated upon his previous cooperation in the form of debriefings, providing documents and facilitating access to witnesses who had served as the straw campaign contributors.

**C.    Analysis**

Price has met each of the above-described obligations. Indeed, he has exceeded them. Various federal agents interviewed him several times, and he provided the agents with a full and complete understanding of his role in the offense. The defendant also agreed to testify at any later proceedings, if need be. It is believed that Price's agreement to testify in any later proceedings played a part in the decision of his codefendant, Collier, to plead guilty to the charges in this case. In short, he has provided full, truthful, and complete cooperation since federal agents approached him.

As a result, Price's assistance meets the standard for "substantial assistance" as detailed in § 5K1.1. This provision allows sentencing courts, upon a motion by the government "stating that the defendant has provided substantial assistance in the investigation," to depart from the applicable Guidelines range.[1] The factors the Court is to consider in determining whether to grant a departure, and its extent, are: (1) the significance and usefulness of the defendant's

---

[1] Application note 1 to § 5K1.1 also states that "[s]ubstantial weight should be given to the government's evaluation of the extent of the defendant's assistance, particularly where the extent and value of the assistance are difficult to ascertain."

assistance; (2) the truthfulness, completeness, and reliability of the information provided by the defendant; (3) the nature and extent of the defendant's assistance; (4) the danger or risk of injury to the defendant or his family resulting from his assistance; and (5) the timeliness of his assistance.

In this case, Price provided significant and useful help, particularly in outlining his relationship with Collier. Price's information has been truthful, complete, and timely. When he became aware of the investigation, he immediately sought to be interviewed and has continued to be forthcoming and cooperative. Finally, Price's assistance was particularly helpful in that his agreement to plead guilty was important in inducing Collier to do so as well.

Because Price has met the above-described obligations, the government hereby moves for a two-level downward departure under § 5K1.1. Such a departure would result in a final guideline offense level of 11, a criminal history category of I, and a resulting Zone C sentencing range of 8–14 months.

### III. Recommendation

For the foregoing reasons, the government recommends that the Court sentence Price pursuant to the Guidelines as follows:

| | |
|---|---:|
| Base Offense Level | 8 |
|     Specific Offense Level, Contributions $30,000 - $70,000 | 6 |
|     Number of Illegal Transactions - More than 30 | 2 |
|     Reduction for Acceptance of Responsibility | -3 |
|     Substantial Assistance (§5K1.1) | -2 |
| Total Offense Level | 11 |

The indicated guideline sentence for a Level 11 and criminal history category of 1 is 8-14 months, which is within Zone C. Within that guideline range, the Government recommends a

sentence of four months imprisonment followed by a term of supervised release with a condition requiring four months community confinement or home detention. Such sentence would satisfy the minimum term of imprisonment required by the guideline range. See, U.S.S.G., § 5C1.1, Commentary, Application Note 4(B). The Government further recommends a fine of $2,000 and a special assessment of $100.

                                            Respectfully Submitted,

                                            WILLIAM M. WELCH II
                                            Chief

By:    _____
       EILEEN GLEASON
       JOHN P. PEARSON
       Trial Attorneys
       Public Integrity Section
       U.S. Dep't of Justice, Criminal Div.
       1400 New York Ave. NW,  Suite 12100
       Washington, DC 20005
       Tel.: 202-514-1412
       Fax: 202-514-3003
       Email: eileen.gleason@usdoj.gov

## PROOF OF SERVICE

I hereby certify that on January 24, 2008, I served a copy of the above and foregoing

**GOVERNMENT'S SENTENCING MEMORANDUM AND
MOTION FOR DOWNWARD DEPARTURE**

on the following counsel of record:

James Hamilton, Esq.
Tony Fitch, Esq.
Counsel for Defendant Collier

Richard Harpootlian, Esq.
Counsel for Defendant Price

each of whom are e-filers, via filing electronically on ECF

/s/ Eileen Gleason
Eileen Gleason
Trial Attorney
Public Integrity Section
U.S. Department of Justice
1400 New York Avenue, N.W. Suite 12100
Washington, D.C. 20005
(202) 514-1412
(202) 514-3003 (fax)
Email eileen.gleason@usdoj.gov